UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00666-FDW

| | |
|---|---|
| VINROY W. REID, *et al*., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| R. KEITH JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Vinroy Reid's ("**Reid**") Motion to Withdraw Reference, (Doc. No. 1), wherein Reid moves the Court to withdraw the reference to the bankruptcy court as to Case No. 3:21-ap-03031 (the "**Adversary Proceeding**"), pursuant to 28 U.S.C. § 157(d). The motion has been fully briefed and, for the reasons set forth below, the Court DENIES the motion without prejudice.

Pursuant to 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(d) further provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Section 157(d), however, does not define "cause." See In re U.S. Airways Grp., Inc., 296 B.R. 673, 681 (E.D. Va. 2003); In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993). In considering a discretionary withdrawal of reference for cause, then, federal courts weigh the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial

economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. See Blue Cross & Blue Shield of N.C. v. Jemsek Clinic, P.A., 506 B.R. 694, 697 (W.D.N.C. 2014); In re U.S. Airways, 296 B.R. at 681.

After a thorough review of the parties' pleadings and the lengthy, complex history of Plaintiffs' bankruptcy proceedings, the Court finds the first five factors weigh against withdrawing the reference of the Adversary Proceeding. First, the Court finds the Adversary Proceeding concerns the administration of the estate and is therefore a core proceeding under 28 U.S.C. § 157(b)(2). In their Complaint, Plaintiffs assert, *inter alia*, that Defendant improperly advised Reid regarding the bankruptcy proceeding, filed the bankruptcy petition without Reid's approval, and erroneously completed schedules to include low property values and inaccurately listed expenses. See Case No. 3:21-ap-03031, (Doc. No. 1, pp. 14-28). These allegations clearly concern the property of the bankruptcy estate, weighing against withdrawal of the reference pursuant to 28 U.S.C. § 157(d); see also Grausz v. Englander, 321 F.3d 467, 475 (4th Cir. 2003) ("An adversary proceeding brought by a debtor to assert a malpractice claim against his bankruptcy lawyer is a case that falls within a bankruptcy court's jurisdiction under 28 U.S.C. § 157.")

The second, third, and fourth factors also weigh against withdrawing the reference. The record shows that Plaintiffs' bankruptcy proceedings, which began with the filing of Reid's Chapter 13 petition on September 21, 2018[1], have been incredibly tumultuous and complex. Accordingly, Judge Laura Beyer has had significant exposure to the facts and legal issues of Plaintiffs' bankruptcy proceedings, including the Adversary Proceeding. Likewise, the parties

---

[1] See Case No. 3:18-bk-31436.

have expended significant resources advancing their arguments before Judge Beyer. For these reasons, it is clear to the Court that keeping the reference in the Adversary Proceeding would promote the uniform administration of bankruptcy proceedings, expedite the bankruptcy process and promote judicial economy; and ensure the efficient use of debtors' and creditors' resources.

Similarly, the Court finds denial of Reid's motion appropriate to avoid forum shopping. Based on the record, it appears to the Court that Reid's motion is likely an inappropriate attempt to reassert issues he has already raised before Judge Beyer. See e.g., VR King Construction, LLC, Case. No. 3:18-bk-31635, (Doc. No. 115) (Judge Beyer explaining: "The Court finds that Reid's testimony concerning the alleged responsibility of Johnson and Woodman for the inaccuracy of the schedules, statements, reports, and amendments thereto is neither accurate nor credible. Such testimony was merely an effort to shift the blame to third parties."). Moreover, in his motion, Reid states: "… it is important to note that [] Reid has filed a grievance against Bankruptcy Judge Laura Beyer and does not believe he will receive a fair trial regarding the non-core issues in this lawsuit before Judge Beyer." (Doc. No. 1, p. 4). In response, Defendant asserts, and the Court agrees, that Reid's motion is "devoid of any legal authority for the proposition that a litigant may obtain a change in forum or venue merely by lobbying a vague and unspecified 'grievance' toward the presiding tribunal." (Doc. No. 2, p. 14). Accordingly, Reid's threadbare assertion that he does not believe he will receive a fair trial in the Adversary Proceeding is simply not enough to support his motion, and the fifth factor weighs in favor of Defendant.

Notwithstanding the foregoing, the Court acknowledges Plaintiffs' demand for a jury trial in the Adversary Proceeding. The Fourth Circuit has explained, however, that a district court can "delegate to the bankruptcy court the responsibility for supervisory discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial." In re Stansbury Poplar

Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993); see also Grausz, 321 F.3d at 475 ("In any event, an adversary proceeding may be transferred to the district court if a jury trial is required."); In re QSM, LLC, 453 B.R. 807, 810-11 (E.D. Va. 2011) ("As other courts have sensibly observed, a rule requiring immediate withdrawal of reference where a jury trial is required 'runs counter to the policy factoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts.'") (citation omitted). Based on this precedent, the Court finds withdrawal of the reference unnecessary and inappropriate at this time. If and when a jury trial becomes inevitable in the Adversary Proceeding, Reid may refile his motion.

IT IS THEREFORE ORDERED that Reid's Motion to Withdraw Reference, (Doc. No. 1), is DENIED without prejudice to its refiling when ripe.

IT IS SO ORDERED.

Signed: August 23, 2022

_____
Frank D. Whitney
United States District Judge